**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. CR2-06-129 |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| REBECCA S. PARRETT, *et al.,* | : | JUDGE MARBLEY |
| | : | |
| Defendants. | : | |

### OPINION AND ORDER

This matter is before the Court on Defendant Rebecca Parrett's Motion to Dismiss Notice of *Lis Pendens* filed by the Government on certain property in Arizona and Ohio owned by Defendant. For the reasons set forth below, Defendant's Motion is **GRANTED** in part and **DENIED** in part.

### FACTS

On May 19, 2006, Defendant and six other individuals were charged in a 60-count indictment alleging violations of 18 U.S.C. § 371, 15 U.S.C. §§ 77q(a) and 77x (Securities Fraud); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1956(h) (Money Laundering Conspiracy); 18 U.S.C. § 1956(a)(1)(A)(I) (Promotion Money Laundering) and 18 U.S.C. § 2. Count 60, a forfeiture claim, asserts the following:

> Each defendant who is convicted of Count 1 (conspiracy) and Counts 2-37 shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation, including but not limited to a sum of money in the amount of approximately $1,900,000,000 representing the proceeds from the conspiracy to violate statutes of the United States . . . . If more than one

defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

Pursuant to 18 U.S.C. § 982, each defendant who is convicted of one or more of the offenses set forth in Count 38 (money laundering conspiracy . . . ) or Counts 39-59 (money laundering) shall forfeit to the United States the following property:

> (a) All right, title, and interest in any and all property involved in each offense. . . for which the defendant is convicted, and all property traceable to such property . . . .

> (b) A sum of money equal to approximately $1,900,000,000 representing the total amount of money involved in each offense, or involved in the conspiracy to commit violations . . . as charged in Count 38, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), *each defendant shall forfeit substitute property, up to the value of the amount described in the foregoing paragraphs*, i f, by any act or omission of a defendant, the property described in such paragraphs, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Indictment at ¶ 135-37 (emphasis added).

Count 60 does not specifically list any property allegedly involved in each charged offense or any property traceable to such offenses.

On September 22, 2006, the Government filed a *lis pendens* with respect to Defendant's property located at 37801 North Stirrup Circle, Carefree, Arizona. On September 25, 2006, the Government filed a *lis pendens* against Defendant's property located at 15334 East Thistle Drive, Fountain Hills, Arizona and at 2813 Elliott Avenue, Columbus, Ohio. Each *lis pendens* gives notice of the criminal action against Defendant and the possible resulting forfeiture.

2

Defendant learned of the *lis pendens* when trying to sell her property in order to cover legal expenses related to this criminal action. At the suggestion of her real estate agent, Defendant has taken her properties off the market unless or until the *lis pendens* are removed by this Court.

## PROCEDURAL HISTORY

On October 23, 2006, Defendant filed at Motion to Dismiss Notice of *lis pendens* with respect to her property located in Carefree, Arizona. The Government filed an Opposition to Defendant's Motion on November 30, 2006. Defendant later learned of the *lis pendens* filings relating to her property located in Fountain Hills, Arizona and Columbus, Ohio and filed a Supplement to Motion to Dismiss Notice of *Lis Pendens* with respect to those properties on December 7, 2006. On that same day, Defendant also filed a Response to the Government's Opposition. The Government filed a Response to Defendant's Supplement to Motion to Dismiss Notice of *Lis Pendens* on December 15, 2006. As such, Defendant's Motion is now ripe for this Court's review.

## ANALYSIS

Defendant contends that the properties on which the Government filed the *lis pendens* notices are not subject to pretrial restraint because they are "substitute assets," which can only be restrained by the Government after a conviction. Additionally, Defendant argues that the *lis pendens* are void under the applicable state laws.

Defendant asserts that all three pieces of real estate are substitute assets under 21 U.S.C. § 853, and are, therefore, not subject to pretrial restraint by the Government. The Government contends that the Carefree, Arizona property is not a substitute asset, and is therefore subject to

3

pretrial restraint, and that the *lis pendens* filed on the remaining properties do not constitute a

judicial restraint, but rather only a market restraint.

Section 853(a) defines three categories of assets–assets associated with the crime–that

must be forfeited upon a conviction of 18 U.S.C. §§ 1956 and 1957: (1) assets that constitute, or

derive from, proceeds obtained directly or indirectly as the result of the charged violations; (2)

assets that were used or intended to be used to commit or facilitate the commission of such

violations; and (3) in the case of a continuing criminal enterprise, any interest in, claims against,

or property or contractual rights affording a source of control over the continuing criminal

enterprise.  Section 853(e)(1) authorizes post-indictment/pretrial restraint of "property described

in subjection (a)."[1]  An entirely separate subjection of section 853, subsection (p), authorizes

---

[1]  Section 853(e) provides (emphasis added):

> 1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of *property described in subsection (a) of this section* for forfeiture under this section--
>
> > (A) *upon the filing of an indictment* or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; . . . .

forfeiture of substitute property if property listed in subsection (a) is unavailable.[2] The pretrial

restraint provisions of § 853(e) refer only to subjection (a) assets and not to subjection (p) assets.

Therefore, the question for the Court is whether § 853 permits restraint of substitute

assets before conviction, where such pretrial restraint provision, § 853(e), only refers to assets

associated with the crime. This question has caused conflict among the circuits. *Compare*

*United States v. Field*, 62 F.3d 246, 248-50 (8th Cir. 1995) (pretrial restraint not permitted);

United *States v. Ripinsky*, 20 F.3d 359, 362-63 (9th Cir. 1994) (pretrial restraint not permitted);

*United States v. Floyd*, 992 F.2d 498, 502 (5th Cir. 1993) (pretrial restraint not permitted); *In re*

*Assets of Martin*, 1 F.3d 1351, 1357-61 (3d Cir. 1993) (pretrial restraint not permitted under

substantially identical provisions of RICO, 18 U.S.C. § 1963) *with In re Billman*, 915 F.2d 916,

921 (4th Cir.1990) (pretrial restraint permitted under RICO, 18 U.S.C. § 1963, provisions

---

[2] Section 853(p) provides:

(1) In general

    Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant--

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred or sold to, or deposited with, a third party;

    (C) has been placed beyond the jurisdiction of the court;

    (D) has been substantially diminished in value; or

    (E) has been commingled with other property which cannot be divided without difficulty.

(2) Substitute property

    In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

substantially identical to the statute in issue here), *cert. denied*, 500 U.S. 952 (1991); *United States v. Regan*, 858 F.2d 115, 121 (2d Cir.1988) (advising district courts to consider pretrial restraint of substitute assets under RICO when restraining fruits of crime would be burden to third parties); *but see United States v. Gotti*, 155 F.3d 144 (2nd Cir. 1998) (limiting *Regan* to its facts and holding that 18 U.S.C. § 1963, a substantially identical statute to the statute at issue here, provides no authority for pretrial restraints of substitute assets).

The Sixth Circuit, while not having ruled directly on this issue, did note in *United States v. Ford* 64 Fed. Appx. 976 (6th Cir. 2003), that although *at the time of judgement* non-criminally related assets are restrainable and potentially forfeitable as substitute assets, the government can not restrain such substitute assets prior to trial. The Sixth Circuit explained, "Of course, the government is not barred from retaining previously seized, but non-tainted assets after trial as substitute assets. This fact, though does not create a proprietary interest in the assets during the period between seizure and the judgment . . . ." *Ford*, 64 Fed. Appx. at 982.

The Government asserts that there is no judicial restraint involved with *lis pendens* filings and, "at most, the *lis pendens* effects a market restraint such that a buyer might think twice before completing a purchase of the property in question." Gov't Opposition at p. 1. The Government, however, only cites to various district court cases outside of the Sixth Circuit, most of which do not deal with substitute assets, but rather assets directly associated with the offenses. The Government also relies on *Aronson v. City of Akron*, 116 F.3d 804 (6th Cir. 1997) in which the plaintiff challenged the constitutionality of the application of Ohio's corrupt activity lien statute. In *Aronson*, the State of Ohio had placed a lien on the defendant's property without affording prior notice or hearing after indicting the defendant with violations of Ohio's corrupt activity

6

laws. In comparing the lien the State filed to a *lis pendens*, the court explained that "[t]he mere filing of an ordinary lien or *lis pendens* notice simply does not represent the sort of 'grievous loss' . . . that necessitates prior notice and an opportunity to be heard." *Aronson*, 116 F.3d at 812. *Aronson*, therefore, stands for the proposition that filing a *lis pendens* without prior notice does not violate a defendant's due process rights. The issue before this Court–whether the Government is permitted to file *lis pendens* on substitute assets prior to a conviction–is entirely different.

This Court, following the Sixth Circuit in *Ford*, holds that 21 U.S.C. § 853 does not authorize the pretrial restraint of substitute assets. As the Fifth Circuit, explained, Section 853(e)

> plainly states what property may be restrained before trial. Congress made specific reference to the property described in § 853(a), and that description does not include substitute assets. Congress treated substitute assets in a different section, § 853(p). To allow the government to freeze [the defendant's] untainted assets would require us to interpret the phrase "property described in subsection (a)" to mean property described in subsection (a) and (p).

*United States v. Floyd*, 992 F.2d 498, 502 (5th Cir. 1993). Such reading not only honors the plain meaning of the statute, but also represents the appropriate balance between the rights of the Government and those of the accused.

In this case, the Government has filed *lis pendens* against property owned by Defendant in: (1) Carefree, Arizona; (2) Fountain Hills, Arizona; and (3) Columbus, Ohio. At the time of the Government's Response in Opposition to Defendant's Motion, the Carefree, Arizona real estate was considered a substitute asset. Tracing of certain of the alleged criminal proceeds into such property, however, has now been completed and declared by Special Agent Gregory Ruwe.

7

This moot's Defendant's complaint with respect to this property, as it may now be categorized in 835(a) and subject to post-indictment/pretrial restraint.

The other two properties, 15334 East Thistle Drive, Fountain Hills, Arizona and 2813 Elliott Avenue, Columbus, Ohio, on the other hand, remain subject to post-conviction forfeiture as substitute assets. The Government has presented no evidence to the contrary. Therefore, the *lis pendens* filed against Defendant's property located at 15334 East Thistle Drive, Fountain Hills, Arizona and at 2813 Elliott Avenue, Columbus, Ohio must be removed because substitute assets may not be restrained, by a *lis pendens* filing or otherwise, prior to a conviction.

Defendant also asserts that the Government has no valid basis to support *lis pendens* filings under Arizona or Ohio law. Because Defendant's motion has been resolved on other grounds, this Court need not reach Defendant's argument.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Notice of *Lis Pendens* with respect to Defendant's property located at 15334 East Thistle Drive, Fountain Hills, Arizona and at 2813 Elliott Avenue, Columbus, Ohio, and **DENIES** Defendant's Motion to Dismiss Notice of *Lis Pendens* with respect to Defendant's property located at 37801 North Stirrup Circle, Carefree, Arizona.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: January 4, 2007**

8