**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. CR2-06-129 |
| v. : | **JUDGE ALGENON L. MARBLEY** |
| : | Magistrate Judge Terence P. Kemp |
| **LANCE K. POULSEN, et al.,** : | |
| : | |
| **Defendants.** : | |

**ORDER**

**I.  INTRODUCTION**

This matter came before the Court for a status conference on Friday, December 21, 2007. At the status conference, the Court noted that Defendants Happ, Poulsen, and Dierker have moved for severance.  For the reasons described at the status conference and further elaborated upon below, the Court **GRANTS** Happ's and Poulsen's motions for severance, finds that Dierker's motion is **MOOT** insofar as he seeks to have his trial severed from Poulsen's, and **DENIES** Dierker's motion insofar as he seeks to be severed from all other Defendants in this case.

**II.  LEGAL STANDARDS**

Generally speaking, the law favors a single trial of jointly indicted defendants where the charges against them "will be proved by the same evidence and result from the same acts." *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004).  Joint trials promote efficiency by avoiding multiple, duplicative proceedings.  However, Federal Rule of Criminal Procedure 14 authorizes courts to sever a defendant's trial from that of his co-defendants if a joint trial would

prejudice his rights.  Whether to grant a motion for severance is left to the sound discretion of the district court.  *United States v. Caver*, 470 F.3d 220, 238-39 (6th Cir. 2006).  Given the policy preference for joint trials, "a defendant seeking severance . . . bears a strong burden and must demonstrate substantial, undue, or compelling prejudice."  *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999).

### III.  ANALYSIS

#### A.  Happ

Defendant Happ moves for severance on the grounds that he has not had sufficient time to prepare for the February 4, 2008 trial date.  The Court finds Happ's argument persuasive.

Happ was not indicted until July 10, 2007, whereas the other Defendants in this case were indicted fourteen months earlier, on May 19, 2006.  Happ promptly retained counsel, Max Kravitz and Janet Kravitz, who made their appearances in this case on August 10, 2007.  Just two days later, Mr. Kravitz unexpectedly passed away.  Despite her personal circumstances, Janet Kravitz has continued to represent Happ and she has enlisted the assistance of co-counsel, Mr. Craig Gillen, who entered his appearance on September 10, 2007.  Thus, due to circumstances beyond Happ's control—including the timing of the Government's indictment and the unexpected death of one of his attorneys—the Court concludes that it would be unreasonable to expect that Happ's counsel had performed any meaningful preparation for trial prior to September 10, 2007, which was only two months after Happ was indicted and less than five full months prior to the February 4, 2008 trial date.

Happ's five months of preparation time stands in marked contrast to that of his co-defendants, who have been able to develop their defenses over the course of twenty-one months.

Despite this disparity, the Government opposes Happ's motion for severance and argues that he still has had plenty of time to prepare his defense. The Government's arguments are unavailing.

As a threshold matter, the Court notes that earlier in these proceedings the Government opposed Defendants' motion for a continuance of the trial date from November 5, 2007, to February 4, 2008. At that time, the Government urged the Court to retain the November 5 trial date but sever Happ, if necessary. The Government represented that it would put on a "focused and narrow case against Happ in a separate trial" that would "take a fraction of" the time of the Government's case-in-chief against Happ's co-defendants, and that this separate trial would not be duplicative of the main trial.

Of course, the Government's earlier willingness to go along with severing Happ was conditioned upon the Court keeping the November 5, 2007 trial date. The Government is not obligated to stand by its former position where the Court decided to grant a three-month continuance of the trial date to February 4, 2008. Nonetheless, the Court has no reason to disbelieve the Government's assertions—and the Government has not suggested otherwise—that the evidence presented in a separate trial against Happ will not be duplicative of the evidence presented against Happ's co-defendants, nor will such a trial be prolonged. Accordingly, the Court is confident that severing Happ will not unduly burden judicial or litigant resources.

Further, the Court finds that five months is not a sufficient amount of time for Happ to prepare for trial in a case of this magnitude. Although Happ is charged with just six of the superceding indictment's twenty-seven counts—fewer than any of his co-defendants—mounting an adequate defense requires a substantial, and likely lengthy, investigation into such complex subjects as health-care receivables, accounting, securitization, and the bond market. Much like

3

other financial-fraud cases, this case requires Defendants and their counsel to review hundreds of thousands, if not millions, of pages of documents and painstakingly piece together the history of NCFE's business activities. For these reasons, the Court concludes that Happ's ability to mount an adequate defense will be prejudiced if he is forced to go to trial on February 4. The Court therefore **GRANTS** his motion for severance and sets his trial for **Wednesday, October 1, 2008**.

### B.  Poulsen

Defendant Poulsen, like Happ, contends that his counsel cannot prepare this case for trial by February 4, 2008. The Court recognizes that severing Poulsen is a less than optimal choice, given that his trial and that of NCFE's senior executives would likely entail significant overlap. The Court concludes, however, that severing Poulsen is necessary to ensure that his counsel have sufficient time to prepare and to enable his co-defendants (excluding Happ) to obtain a resolution to the criminal proceedings that have been pending against them for nearly two years.

On October 23, 2007, Poulsen was separately indicted on charges of conspiracy to commit witness tampering and obstruction of justice. The Government alleges that Poulsen sought to persuade a former NCFE executive to alter her testimony in this case in order to improve his chances of avoiding a conviction. Due to the Government's ongoing investigation into Poulsen's alleged obstruction activities, Poulsen's counsel in this matter moved to withdraw, and this Court granted that motion on October 26, 2007. New counsel for Poulsen did not come into this case until December 11, 2007.

Poulsen's prior counsel, Mr. Tom Tyack, had represented him since the outset of these proceedings. Over the course of his sixteen-month involvement in this case, Mr. Tyack necessarily acquired significant expertise about the relevant facts and governing law, which is no

small matter in light of the complexity and size of the alleged fraud at NCFE. Losing Mr. Tyack's assistance inevitably constituted a significant setback in the preparation of Poulsen's defense. It is simply unreasonable to expect that Poulsen's new counsel will be able to familiarize themselves with the particulars of this case in less than two months time, even with the benefit of the work performed by Poulsen's prior counsel.

The Government opposes severing Poulsen's trial. It urges the Court to continue the trial date for all Defendants if the Court concludes that more preparation time for Poulsen's counsel is warranted. In support, the Government cites the wastefulness of multiple trials in this matter. The Government also argues that Poulsen's own conduct forced his prior counsel to withdraw and that a severance will perversely reward him for that conduct. Finally, the Government contends that its case will be prejudiced if Poulsen is severed because Defendants will be able to avail themselves of an "empty chair" defense whereby the senior executive defendants will blame Poulsen for the fraud scheme at their trial, and Poulsen, similarly, will point the finger at them at his trial.

As an initial matter, the Court shares the Government's distaste for multiple trials. Under ordinary circumstances, there can be little question that the most efficient way to proceed would be through a joint trial. Moreover, had the trial date not already been continued on two prior occasions, the Court would be more amenable to the Government's proposed solution of delaying the trial for all Defendants until Poulsen's new counsel has been afforded an adequate opportunity to get up to speed. As things stand, however, the Court deems it imprudent to continue the trial date in this matter for a third time. By the time February 4, 2008, arrives, Defendants Ayers, Speer, Parrott, Faulkenberry, and Dierker will have been waiting nearly two

years for their day in court. Although the Court granted the two continuances in this matter at the behest of these Defendants, at least one of those continuances may not have been necessary had the Government not waited until the close of discovery to produce an inordinately large number of documents. Besides, Defendants Ayers, Speer, Parrott, Faulkenberry, and Dierker have litigated this case for the past several months with the February 4 trial date in mind and have given every indication of being prepared to proceed on that date. The Court does not believe that these Defendants should be subjected to further delay in bringing to rest the serious charges against them simply because of Poulsen's unique circumstances justifying a trial extension for him. *See e.g. United States v. Byrd*, 466 F. Supp. 2d 550, 553-54 (S.D.N.Y. 2006) (granting the defendant's motion for severance because otherwise the defendant would be forced to wait months and possibly years to go to trial as a result of the Government's internal deliberations about whether to seek the death penalty against his co-defendants); *United States v. Horne*, No. 05-32, 2005 U.S. Dist. LEXIS 12353 (S.D. Ind. June 14, 2005) (denying the Government's motion to continue a trial date—even though declining to grant the continuance likely meant that multiple trials would be necessary—because the defendants were entitled to a speedy trial and the court had already postponed the trial once). Especially where that delay would be a matter of months, and not weeks or days, the Court is unwilling to short-change the rights of Poulsen's co-defendants to a speedy trial simply to avoid the inconvenience of multiple trials.

As to the Government's other arguments against severing Poulsen, the Court first notes that severance will not function as any kind of reward for Poulsen. Poulsen has been ordered detained pending trial, and unless the Court grants his pending motion for reconsideration,

Poulsen will remain behind bars for an additional six months beyond what he would have had the February 4 trial date remained unchanged.  In addition, although the Court finds that severance is necessary to ensure that Poulsen's counsel have been afforded sufficient time to prepare his defense, severance only prolongs the proceedings against Poulsen and prevents him from enjoying some measure of closure, whatever that might be in these proceedings.  Few would consider there to be anything "rewarding" about such circumstances.

Second, the Government argues that Poulsen will obtain an unfair advantage by getting to observe the Government's case against his co-defendants.  The Court does not dispute that some marginal benefit may accrue to Poulsen as a result of being tried after his co-defendants insofar as he may be able to tweak his arguments and presentation.  However, the same can be said for the Government.  It too will be able to refine its case against Poulsen based on its experience trying his co-defendants.  Moreover, it is not as though an earlier trial of Poulsen's co-defendants will reveal new facts or law upon which Poulsen can capitalize.  By the time this case goes to trial on February 4, 2008, after nearly two years of litigation, there will be nothing mysterious or surprising about any party's theory of the case, or the documentary evidence and witness testimony that will be introduced.  Whether tried on February 4 or at a later date, Poulsen is going to confront the same facts.

Finally, the spectre of an "empty chair" defense raised by the Government does not serve as an adequate reason to deny Poulsen's severance motion given his compelling need.  Even in a joint trial, nothing would prevent the senior executive defendants from blaming Poulsen for NCFE's wrongdoing, and nothing would prevent Poulsen from insisting that it was his employees who were up to no good, unbeknownst to him.

For these reasons, the Court **GRANTS** Poulsen's motion for severance. Poulsen's trial is re-scheduled for **Monday, August 4, 2008**.

### C. Dierker

Defendant Dierker has moved for severance on the grounds that he will be prejudiced if tried jointly with Poulsen, due to Poulsen's indictment on conspiracy to obstruct justice and engage in witness tampering. Defendants Ayers, Speer, Parrott, and Happ have joined Dierker's motion. Because the Court has granted Poulsen's motion for severance, Dierker's motion is rendered **MOOT** insofar as his motion is predicated upon a prejudicial "spillover" effect in connection with Poulsen's obstruction charges.

To the extent Dierker moves for severance on the grounds that the Government's case against him is "*de minimis*" and the jury will mistakenly treat the weight of the evidence against the other Defendants as proof of his guilt, Dierker's motion is **DENIED**. Dierker has not met the heavy burden of establishing that he will be prejudiced by a joint trial because, except in extreme circumstances, the law presumes that juries are "capable of sorting evidence and considering separately each count and each defendant." *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Happ's motion for severance (docket no. 353), **GRANTS** Poulsen's motion for severance (docket no. 436), finds Dierker's motion for

severance **MOOT** insofar as he seeks to be severed from Poulsen, and **DENIES** Dierker's motion insofar as he seeks to be severed from all other Defendants (docket no. 390).

    **IT IS SO ORDERED.**


                s/Algenon L. Marbley
                **ALGENON L. MARBLEY**
                **United States District Court Judge**

**DATE: January 4, 2007**