## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO: 2:06-CR-129-ALM-1** |
| | : | **JUDGE MARBLEY** |
| **vs.** | : | **MAGISTRATE JUDGE KEMP** |
| | : | |
| LANCE K. POULSEN, et al., | : | |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

## I. INTRODUCTION

This matter is before the court on Defendant Lance K. Poulsen's ("Poulsen") Motion to Transfer Government's Second Post Judgment Garnishment Proceeding Against Him to the United States District Court for the Middle District of Florida and Memorandum of Law (Doc. 1038), Defendant Poulsen's Motion to Transfer the Government's First Post Judgment Garnishment Proceeding Against Him to the United States District Court for the Middle District of Florida and Memorandum in Support (Doc. 1039), and Defendant Poulsen's Motion to Dissolve the Government's Second Post Judgment Garnishment Writ Proceeding Against Him and Memorandum of Law (Doc. 1040).  For the reasons set forth below, Poulsen's Motion to Transfer the Government's Second Post Judgment Garnishment Proceeding is **DENIED**, Poulsen's Motion to Transfer the Government's First Post Judgment Garnishment Proceeding is **DENIED**, and Poulsen's Motion to Dissolve the Government's Second Post Judgment Garnishment Writ is **DENIED**.

## II. BACKGROUND

On May 21, 2009, this Court entered Judgment in Poulsen's case.  As part of the Judgment, Poulsen was ordered to pay restitution in the amount of $2,384,147,105.99.  On June 1, 2009, the Government sent Poulsen a Demand for Payment, which advised Poulsen of his obligation to pay his criminal monetary penalties.  Poulsen failed to pay the judgment immediately.

On July 13, 2009, the Government filed its first application pursuant to section 3205 of the Federal Debt Collection Procedures Act ("FDCPA"), and sought a writ of garnishment directing Principal Funds, as garnishee, to withhold and retain any money or property in its custody or control belonging to Poulsen (the "Principal Funds Writ").  See 28 U.S.C. §§ 3001-3308 et seq.  On October 26, 2009, this Court entered an Order granting the Principal Funds Writ.  On October 29, 2009, Poulsen was served with notice of the Principal Funds Writ.  On November 24, 2009, the Government filed a motion to amend the Principal Funds Writ, which sought to change the name of the garnishee to Principal Life Insurance Company ("Principal Life").  On December 2, 2009, the Court granted the Government's motion to amend the Principal Funds Writ.  On December 23, 2009, Principal Life filed its Answer, stating that it had in its custody or control an IRA Mutual Retirement Account belonging to Poulsen worth $38,334.33.

On November 29, 2009, the Government filed its second application pursuant to section 3205 of the FDCPA, and sought a writ of garnishment directing Credit Suisse Securities (USA), LLC ("Credit Suisse"), as garnishee, to withhold and retain any money or property in its custody or control belonging to Poulsen (the "Credit Suisse Writ").  On December 12, 2009, this Court

entered an Order granting the Credit Suisse Writ.  On December 10, 2009, Poulsen was served with notice of the Credit Suisse Writ.  On December 15, 2009, Credit Suisse filed its Answer, stating that it had in its custody or control a partnership interest in CSFB Fund Investment VI, LP (the "CSFB Fund"), belonging to Poulsen and worth $206,032.37.

### III. LAW AND ANALYSIS

### A. MOTION TO DISSOLVE

Poulsen has moved to dissolve the Credit Suisse Writ on numerous grounds, that the Government: (1) has not served Mrs. Poulsen with a copy of the Credit Suisse Writ; (2) did not perfect its lien before filing the Credit Suisse Writ; (3) did not make a demand for payment of the restitution judgment before filing the Credit Suisse Writ; and (4) cannot garnish the CSFB Fund without applying for a new writ to be issued against Mrs. Poulsen.

The Government argues that: (1) it was not required to serve notice of the Credit Suisse garnishment on Mrs. Poulsen and that failure to do so should not defeat the Credit Suisse Writ; (2) a lien arose when this Court entered judgment and automatically attached to Poulsen's real and personal property; (3) it made a demand before payment before filing the Credit Suisse Writ; and (4) it is not required to apply for a writ of garnishment against Mrs. Poulsen.

### 1. Service on Mrs. Poulsen

Poulsen contends that he and Mrs. Poulsen own interest in the CSFB Fund as tenants by the entireties, and that under Florida law, the interest is not divisible by one spouse alone.  The Government seeks only to garnish Poulsen's interest in the CSFB Fund.  The Government disputes that Mrs. Poulsen has any interest in the CSFB Fund.  Further, the Government argues that it is not bound by Florida law as it relates to tenants by the entireties.

Federal law requires that Government serve notice of the garnishment proceeding "on the judgment debtor...and on each person whom the United States, after diligent inquiry, has reasonable cause to believe has an interest in property to which the remedy is directed. 28 U.S.C. § 3202(c). A fine imposed pursuant to a criminal judgment operates as a federal tax lien. 18 U.S.C. § 3613(c)("The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated...."). The Supreme Court has held that "federal tax liens may attach to property that cannot be unilaterally alienated." *U.S. v. Craft*, 535 U.S. 274, 284 (2002) ("[E]xempt status and state law does not bind the federal collector."). This remains true when the property is held as a tenant by the entirety. *Id*. at 288.

The Government is entitled to garnish Poulsen's interest in the CSFB Fund to satisfy the criminal judgment imposed upon Poulsen even with regards to property that Poulsen may own with Mrs. Poulsen as a tenancy by the entirety. 18 U.S.C. § 3613(c), *U.S. v. Craft*, 535 U.S. at 284. The Government did not believe Mrs. Poulsen shared Poulsen's interest in the CSFB Fund such that the Government had reasonable cause to serve Mrs. Poulsen with notice of the Credit Suisse Writ. The Answer filed by Credit Suisse does not identify a joint interest, owned by Poulsen and Mrs. Poulsen, in the amount identified therein. Nor has Poulsen put forth any evidence of such a shared interest; Poulsen has only alleged such a shared interest in his Motion to Dissolve the Credit Suisse Garnishment.

The Government does not oppose a determination of whether Mrs. Poulsen has an interest in the CSFB Fund. The Government was not required, however, to serve notice on Mrs. Poulsen as to the Credit Suisse Writ, because it did not have reasonable cause to believe she had an interest in the property subject to the writ.

**2. Perfection of the Lien**

Poulsen argues that federal law requires the Government to perfect its lien by filing a notice of lien in the manner in which a tax lien would be filed. On or about July 28, 2009, the Government filed a Notice of Lien in Charlotte County, Florida. Further, the Government takes the position that the lien attached to Poulsen's property upon the Court's entry of judgment, and that any filing of notices of liens only serves to solidify the Government's position relative to any potential other creditors.

The federal statute provides for attachment of the lien upon "the entry of judgment" and continuing "for 20 years or until the liability is satisfied, remitted, set aside, or is terminated...." 18 U.S.C. § 3613(c). Filing of a notice of lien serves to create a valid lien against other creditors including "any purchaser, holder of security interest, mechanic's lienor or judgment lien creditor." 18 U.S.C. § 3613(d). Failure to file a notice of lien here would effect only the position of the Government relative to other creditors and not the validity of the lien itself. The cases sited by Poulsen in his motion do not reach a contrary conclusion. *See U.S. v. Montoya-Ortiz*, 31 Fed. App'x 838 (5th Cir. 2002) (finding that a defendant's motion to strike a lien sought pursuant to a criminal sentence was not a civil action subject to civil filing deadlines); *In re Bennett*, 237 B.R. 918 (Bankr. N.D. Tex. 1999) (holding that the result of the Government's failure to file a notice of lien was that the Government did not have priority over the bankruptcy trustee who occupies the same position as the parties protected under 18 U.S.C. § 3613(d)).

**3. Demand for Payment**

Poulsen argues that the Government did not make a demand for payment of the restitution judgment before filing the Credit Suisse Writ.  The Government argues that a demand for payment was made, in writing, more than 30 days before it sought the Credit Suisse Writ.

The FDCPA obligates the Government to demand payment of any restitution due from the judgment debtor 30 days prior to filing an application for a writ of garnishment.  28 U.S.C. § 3205(b)(1)(B) ("The United States shall include in its application for writ of garnishment...the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due....") The Government has complied with the requirements of the FDCPA. On June 1, 2009, the Government made a Demand for Payment in writing, which was mailed to Poulsen.  (Doc. 1045 Ex. A Demand for Payment.)  On November 29, 2009, more than 30 days after the Demand for Payment the Government sought the Credit Suisse Writ.

### 4. Application for a Writ Against Mrs. Poulsen

Poulsen argues that in order to garnish any interest in the CSFB Fund, the Government must file a new application naming Mrs. Poulsen as the garnishee because the property in question is an interest in a partnership interest.  The Government asserts that Credit Suisse was the proper garnishee and that the Government is not required to apply for a writ of garnishment against Mrs. Poulsen.

The FDCPA defines a garnishee as "a person (other than the debtor) who has, or is reasonably thought to have, possession, custody, or control of any property in which the debtor has...[an] interest, including any obligation due the debtor or to become due the debtor."  28 U.S.C. § 3002(7).  Here, Credit Suisse was the proper garnishee.  Credit Suisse was the "person"

thought to have possession, custody or control of property in which Poulsen may have an interest.  In its Answer Credit Suisse indicated that it had in its custody or control a partnership interest in CSFB Fund Investment VI, LP (the "CSFB Fund"), belonging to Poulsen and worth $206,032.37.

As the Government has complied with applicable law regarding the Credit Suisse Writ, Poulsen's Motion to Dissolve the Government's Second Post Judgment Garnishment Writ Proceeding Against Him is **DENIED**.

### B. MOTIONS TO TRANSFER VENUE

Poulsen requests that this Court transfer garnishment proceedings for the Principal Funds Writ and the Credit Suisse Writ to the United States Court for the Middle District of Florida. Poulsen contends that under the FDCPA section 3004(b), and if the debtor so requests within 20 days after receiving the writ, an action or proceeding for garnishment shall be transferred to district court in which the debtor resides.  Poulsen states that although he is currently incarcerated in South Carolina, he continues to reside in the Middle District of Florida for venue purposes pursuant to this action.  The Government takes the position that when the FDCPA involves the collection of a criminal debt, the law's provisions may not be used to limit the Government in collecting restitution, fines, penalties or forfeiture.  The Government contends that transfer here would limit its ability to collect the monetary judgment ordered against Poulsen and that Poulsen's Motions to Transfer should be denied.

Poulsen was ordered to pay restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"), and this Court retains jurisdiction to enforce its judgment because the judgment has not been stayed or superceded.  *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir.

1987).  When the FDCPA involves the collection of a criminal debt, it is "not to be construed to curtail or limit the right of the United States under any other Federal law or any State law...to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case...." 28 U.S.C. § 3003(b)(2).

Transfer of the Principal Funds Writ and the Credit Suisse Writ would limit this Court's ability to enforce the criminal judgment issued pursuant to the MVRA. Transfer would interfere with this Court's obligation to insure Poulsen's compliance with the judgment for restitution. Given the apparent inconsistency between the provisions of the FDCPA and the MVRA, other courts have held that the FDCPA "must give way." *United States v. Tedder*, No. 02-CR-0105-C-01, 2004 WL 415270 *4 (W.D. Wis., Feb. 26, 2004) (denying defendant's motions to transfer because the FDCPA "must not be construed to curtail or limit the United States' right to collect criminal penalties.")  Here, "[a]llowing transfer of any part of the enforcement proceedings would be inconsistent with the government's and the court's obligation to insure that the defendant complies with his court-ordered obligations." *Id*. at *3.

The cases relied upon by Poulsen are inapplicable. *See United States v. Vieira*, Cr. No. 94-21-01ML, 2009 WL 3678098 (D.R.I, Nov. 4, 2009); *United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999).  In Viera, the defendant was convicted and sentenced prior to the enactment of the MVRA. *Vieira*, 2009 WL 3678098 at *3. There, the Court found the reasoning of *Tedder* inapplicable because the defendant "was convicted and sentenced in 1994 and, consequently, the provisions of the MVRA and the related post-sentence administration procedures, as amended in 1996, do not apply to him." *Id*.  Poulsen was sentenced pursuant to the MVRA.

*Nash* is also inapplicable here. In *Nash*, the defendant was convicted of crimes under Title 26 for willful failure to file income tax returns and the preparation of false and fraudulent tax refund claims. *Nash*, 175 F.3d at 441.  The MVRA is not applicable to Title 26 offenses. See 18 U.S.C. § 3663A.

This Court is familiar with this case and is in the best position to adjudicate post-judgment proceedings.  Additionally, since Poulsen was ordered to pay restitution, jointly and severally, with his co-defendants who reside in various locations around the country.   Allowing each defendant a right to transfer post-judgment proceedings would create difficulties, as each judicial district would have to enforce, track and credit joint and several restitution. Accordingly, Poulsen's Motions to Transfer are **DENIED**.

## IV. CONCLUSION

For the reasons set forth above Poulsen's Motion to Transfer Government's Second Post Judgment Garnishment Proceeding Against Him to the United States District Court for the Middle District of Florida (Doc. 1038) is **DENIED**, Poulsen's Motion to Transfer the Government's First Post Judgment Garnishment Proceeding Against Him to the United States District Court for the Middle District of Florida (Doc. 1039) is **DENIED**, and Poulsen's Motion to Dissolve the Government's Second Post Judgment Garnishment Writ Proceeding Against Him (Doc. 1040) is **DENIED**.

**IT IS SO ORDERED.**

   **s/Algenon L. Marbley**
   **ALGENON L. MARBLEY**
   **United States District Court Judge**

**DATE: May 3, 2010**

-10-